# EXHIBIT 1

RECEIVED & FILED

OCT 1 5 2008

Sussex County Law Division

**John G. Lynch, Jr., Esq.**
**40 Main Street**
**Franklin, New Jersey 07416**
**(973) 823-9418**
ATTORNEYS FOR PLAINTIFF,
Nancy Valentine

---

| | |
|---|---|
| NANCY VALENTINE,       : | SUPERIOR COURT OF NEW JERSEY |
|                      : | LAW DIVISION; SUSSX COUNTY |
|       PLAINTIFF,     : | DOCKET NO:SSX-L- _681_ -08 |
| v.                        : | |
|                      : | |
| BANK OF AMERICA,    : | **CIVIL ACTION** |
| RIKKI BIANONE,        : | |
|   And JOHN DOES 1-10,   : | **COMPLAINT AND JURY DEMAND** |
|                      : | |
|       DEFENDANTS.     : | |

---

Plaintiff, Nancy Valentine, residing at 33 Eagle Drive, Newton Township, Sussex County,

State of New Jersey, as and for her Complaint against the Defendants, alleges:

### ALLEGATIONS COMMON TO ALL COUNTS

**The Parties.**

     1.      Plaintiff, Nancy Valentine ("Valentine"), whose date of birth is January 29, 1944,

became an employee of Defendant, Bank of America ("BOA" or the "Company") a corporation

duly organized and existing, or otherwise authorized to do business, under and by virtue of the laws

of the State of New Jersey with a principal place of business at 758 Route 15 South, Jefferson, New

Jersey (the "Premises") on or about May, 1986.

     2.      Defendant, Bianone ("Bianone") was a manger at BOA and one of Valentine's

direct supervisors and the Company's agent whose actions in this matter have been approved,

adopted, authorized and ratified by the Company.

3.    John Does 1-10 are and have been managers of BOA, are its agent whose actions in this matter have been approved, adopted, authorized and ratified by the Company, and also are one of Plaintiff's direct supervisors (Defendants BOA, Bianone and John Does 1-10 are collectively referred to as "the Defendants.").

**The Facts.**

4.    On or about May, 1986, Valentine was hired by the Company and worked for the Company as a teller (the "Position") from 1986 through May 1, 2008 (the 'Termination Date")(the "Employment Period").

5.    During the Employment Period, over 23 years, Plaintiff was an exemplary employee receiving regular raises and bonuses, citations for her work and regular praise from the Defendants.

6.    Her starting salary with the Company was $12,242.00 and grew to $31,000.00 as of the Termination Date.

7.    Other than on the termination date, at no time during the Employment Period was Valentine ever disciplined, suspended, laid off or fired by the Company.

8.    On the termination date, Defendants advised Valentine that she was being fired because the drawer of one of her trainees was short in the amount of $5,200.00.

9.    Plaintiff, who is in good health, expected to work in the Position until she was at normal retirement age.

10.    In addition, Defendants accused Valentine of the theft of the money which was "short."

11.    In actuality, in a poorly masked effort to rid the Company of an elderly employee and a well-earned salary, Defendants conspired to, and actually did, terminate Valentine's employment in the Position, effective as of the Termination Date, on the pretext that she was being

2

let go for performance issues and the short drawer of her trainee despite her exemplary record of service during the Employment Period of over 23 years (the "Conspiracy").

12.  Upon information and belief, after the Termination Date, Defendants hired a new employee for the Position who is younger than Valentine and at a lesser salary.

13.  As a result of Defendants' actions, Valentine has lost her salary, benefits, and retirement plans.  In addition, the Company's other Employees were advised that she was terminated for cause.

14.  Valentine has been, and will continue to be, damaged, and Defendants have damaged Valentine's standing and reputation in the industry.

### COUNT ONE

15.  The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 as though more fully set forth at length herein.

16.  Based upon the acts more fully detailed above, Defendants have conspired to, and have, violated the Age Discrimination in Employment Act codified at 29 U.S.C. §621, et seq..

17.  As a direct and proximate result, Valentine has been damaged.

WHEREFORE, Plaintiff, Valentine, seeks a judgment against the Defendants:

(a)  awarding Valentine compensatory and consequential damages;

(b)  awarding Valentine her costs and disbursements;

(c)  awarding Valentine punitive damages;

(d)  awarding Valentine attorneys fees;

(e)  awarding Valentine treble or enhanced damages as set forth in the statute; and

(c)  awarding Valentine such other and further relief as the Court deems equitable and proper.

3

## COUNT TWO

18.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 as though more fully set forth at length herein.

19.   By reason of the acts and events more fully detailed above, Defendant has conspired to, and has violated the Law Against Discrimination codified at N.J.S.A. 10:5, et seq..

20.   As a direct and proximate result, Valentine has been damaged.

**WHEREFORE**, Plaintiff, Valentine, seeks a judgment against the Defendants:

(a)  awarding Valentine compensatory and consequential damages;

(b)  awarding Valentine her costs and disbursements;

(c)  awarding Valentine punitive damages;

(d)  awarding Valentine attorneys fees;

(e)  awarding Valentine treble or enhanced damages as set forth in the statute; and

(f)  awarding Valentine such other and further relief as the Court deems equitable and proper.

## COUNT THREE

21.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 as though more fully set forth at length herein.

22.   As a result of Defendants acts and omissions set forth above, Valentine has sustained and will continue to sustain substantial monetary damages, loss of health and retirement benefits.

23.   As a direct and proximate result, Valentine has been damaged.

**WHEREFORE**, Plaintiff, Valentine, seeks a judgment against the Defendants:

(a) awarding Valentine compensatory and consequential damages;

4

(b) awarding Valentine her costs and disbursements;

(c) awarding Valentine punitive damages;

(d) awarding Valentine attorneys fees;

(e) awarding Valentine such other and further relief as the Court deems equitable and proper.

## COUNT FOUR

24.    The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 as though more fully set forth at length herein.

25.    Defendants have and intend to knowingly make false statements, as detailed above, to third parties, including, but not limited to, BOA's other employees, vendors, suppliers, prospective employers and business associates with malice and intent to cause damage to Valentine.

26.    Defendants conduct is and was malicious, willful, intentional and without business justification.

27.    Defendants conduct as detailed above constitutes a tortious interference with Valentine's business relationships.

28.    Defendants conduct has already caused harm to Valentine and will continue to irreparably harm Valentine.

WHEREFORE, Plaintiff, Valentine, seeks a judgment against the Defendants:

(a) awarding Valentine compensatory and consequential damages;

(b) awarding Valentine her costs and disbursements;

(c) awarding Valentine punitive damages;

5

(d) awarding Valentine such other and further relief as the Court deems equitable and

proper.

## COUNT FIVE

29.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through

28 as though more fully set forth at length herein.

30.   Defendants conduct constitutes a tortious interference with Valentine's prospective

economic advantage and business opportunities.

31.   Defendants conduct has already caused harm to Valentine and will continue to

irreparably harm Valentine.

**WHEREFORE**, Plaintiff, Valentine, seeks a judgment against Defendants:

(a) awarding Valentine compensatory and consequential damages;

(b) awarding Valentine her costs and disbursements;

(c) awarding Valentine punitive damages;

(d) awarding Valentine such other and further relief as the Court deems equitable and

proper.

## COUNT SIX

32.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through

31 as though more fully set forth at length herein.

33.   By reason of the acts detailed above, Defendants have committed slander per se

against Valentine.

34.   As a direct and proximate result, Valentine has been and will continue to be

irreparably harmed.

**WHEREFORE**, Plaintiff, Valentine, seeks a judgment against Defendants:

6

(a) awarding Valentine compensatory and consequential damages;

(b) awarding Valentine her costs and disbursements;

(c) awarding Valentine punitive damages;

(a) awarding Valentine such other and further relief as the Court deems equitable and proper.

## COUNT SEVEN

35.    The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 as though more fully set forth at length herein.

36.    Defendants were and are fiduciaries of Valentine and owed Valentine a duty of loyalty, good faith and fair dealing.

37.    Defendants conduct, as detailed above, constitutes breaches of their respective fiduciary duties to Valentine and of the covenant of good faith and fair dealing.

38.    As a result of Defendants conduct, Valentine has sustained and will continue to sustain substantial economic and non-economic damages.

**WHEREFORE**, Plaintiff, Valentine, seeks a judgment against Defendants:

(a) awarding Valentine compensatory and consequential damages;

(b) awarding Valentine punitive damages;

(c) awarding Valentine the costs and disbursements of this action; and

(d) awarding Valentine such other relief as this Court deems equitable and proper.

## COUNT EIGHT

39.    The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 38 as though more fully set forth at length herein.

7

40.    Defendants conduct, as detailed above, was and is so malicious, so willful, so outrageous, so designed to cause harm to Valentine that, even if that conduct were not otherwise wrongful, it would constitute tortious conduct under the circumstances existing in this matter.

41.    As a direct and proximate result, Valentine has been damaged.

**WHEREFORE**, Plaintiff, Valentine, seeks a judgment against Defendants:

(a) awarding Valentine compensatory and consequential damages;

(b) awarding Valentine punitive damages;

(c) awarding Valentine the costs and disbursements of this action; and

(d) awarding Valentine such other relief as this Court deems equitable and proper.

## COUNT NINE

42.    The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 41 as though more fully set forth at length herein.

43.    Based on the acts more fully detailed above, Defendants negligently, recklessly and/or willfully caused monetary harm to the Plaintiff.

44.    As a direct and proximate result, Valentine has been damaged.

**WHEREFORE**, Plaintiff, Valentine, seeks a judgment against Defendants:

(a) awarding Valentine compensatory and consequential damages;

(b) awarding Valentine punitive damages;

(c) awarding Valentine the costs and disbursements of this action; and

(d) awarding Valentine such other relief as this Court deems equitable and proper.

## COUNT TEN

45.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 44 as though more fully set forth at length herein.

46.   Based on the acts more fully detailed above, Defendants wrongfully terminated the Plaintiff.

47.   As a direct and proximate result, Valentine has been damaged.

**WHEREFORE**, Plaintiff, Valentine, seeks a judgment against Defendants:

(a) awarding Valentine compensatory and consequential damages;

(b) awarding Valentine punitive damages;

(c) awarding Valentine the costs and disbursements of this action; and

(d) awarding Valentine such other relief as this Court deems equitable and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all fact issues so triable.

## CERTIFICATION

I hereby certify that this matter is not the subject matter of any other suit presently pending in any other court or in an American Arbitration proceedings. At this time, no other court proceeding or arbitration proceeding is contemplated. In addition, Plaintiffs know of no other parties who should be added to this action.

Dated: July 30, 2008                    JOHN G. LYNCH, JR., ESQ.

                                   By: _____
                                        John G. Lynch, Jr.

9

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
If information above the black bar is not completed or
if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: CK   CG   CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| 1. ATTORNEY/PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| John G. Lynch, Jr., Esq. | (973) 823-9418 | Sussex |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (When available) |
|---|---|

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 40 Main Street, Franklin, NJ 07416 | Complaint |
| | 8. JURY DEMAND  ☒ YES  ☐ NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| Nancy Valentine, Plaintiff | Valentine v. Bank of America, et als. |

**11. CASE TYPE NUMBER**
(See reverse side for listing)

509

**12. IS THIS A PROFESSIONAL MALPRACTICE CASE?**  ☐ YES  ☒ NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

| 13. RELATED CASES PENDING?  ☐ YES  ☒ NO | 14. IF YES, LIST DOCKET NUMBERS |
|---|---|

| 15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☒ NO | 16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE<br>☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**17. A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?**  ☒ YES  ☐ NO

IF YES, IS THAT RELATIONSHIP  ☒ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ FAMILIAL  ☐ BUSINESS  ☐ OTHER (explain)

**18. B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?**  ☒ YES  ☐ NO

**19.** USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

RECEIVED & FILED
OCT 1 5 2008
Sussex County Law Division

**20. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?**  ☐ YES  ☒ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

**21. WILL AN INTERPRETER BE NEEDED?**  ☐ YES  ☒ NO

IF YES, FOR WHAT LANGUAGE:

**22. ATTORNEY SIGNATURE**

12 of 13

| SIDE 2 |  | CIVIL CASE INFORMATION STATEMENT<br>(CIS)<br>Use for initial pleadings (not motions) under *Rule 4:5-1* |
|---|---|---|

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 241 | TOBACCO | 275 | ORTHO EVRA |
| 248 | CIBA GEIGY | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 277 | MAHWAH TOXIC DUMP |
| 271 | ACCUTANE | 278 | ZOMETA/AREDIA |
| 272 | BEXTRA/CELEBREX | 601 | ASBESTOS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59