*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NANCY VALENTINE,                      :
                                      :
                                      :   Civil Action No. 09-262 (SDW)
              Plaintiff,              :
                                      :
v.                                    :
                                      :   OPINION
                                      :
BANK OF AMERICA, et al.               :
                                      :
                                      :
              Defendants.             :
_____:

Pending before this Court is a Motion by Plaintiff Nancy Valentine ("Plaintiff") to amend her complaint to plead additional facts and restate Counts One through Ten of Plaintiff's Complaint. (Docket Entry No. 18.) Having considered the parties' submissions, the Court GRANTS the motion in part and DENIES the motion in part.

I.     PROCEDURAL BACKGROUND

Plaintiff filed her original complaint against Defendants Bank of America, Rikki Buoncuore and John Does 1-10 in New Jersey Superior Court on June 30, 2008. The original complaint alleges the following: Count One, conspiracy to violate and violation of the Age Discrimination in Employment Act ("ADEA"), 27 U.S.C. §621; Count Two, conspiracy to violate and violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5 et seq.; Count Three monetary damage, loss of health and retirement benefits; Count Four, tortious interference with business relationship; Count Five, tortious interference with prospective economic advantage and business opportunities; Count Six, slander per se; Count Seven, breach

of fiduciary duty and the covenant of good faith and fair dealing; Count Eight, tortious conduct; Count Nine, negligently, recklessly and/or willfully causing monetary harm; and Count Ten, wrongful termination. (Docket Entry No. 1.)

On January 20, 2009, Defendants removed this case to federal court. (*Id.*) On February 17, 2009, Defendants brought a Motion to Dismiss Counts Three through Ten of the Complaint and to Dismiss Defendant Rikki Buoncuore from the Complaint entirely. (Docket Entry No. 5.) On August 13, 2009, the Court denied Defendants Motion to Dismiss without prejudice and permitted Plaintiff to file the instant Motion to Amend the Complaint. (Docket Entry No. 17.) The Order further permitted Defendants to re-file or renew their Motion to Dismiss if the Amended Complaint is filed. (*Id.*) Subsequently, on September 4, 2009, Plaintiff filed her Motion to Amend the Complaint which is currently at issue before this Court. (Docket Entry No. 18.)

## II.    FACTS

Taking the allegations in the Complaint as true, Plaintiff worked for Defendant Bank of America ("BOA") as a teller from May of 1986 through May 1, 2008. (Compl. ¶ 4.) On May 1, 2008, Bank of America terminated Plaintiff, advising her that she was being fired because the drawer of one of her trainees was short in the amount of $5,200.00. (*Id.* ¶¶ 4, 8.) Further, BOA accused Plaintiff of the theft of the missing money. (*Id.* ¶ 10.) Other than on the date of her termination, Plaintiff had never been disciplined, suspended, laid off or fired by BOA. (*Id.* ¶ 7.) Subsequent to Plaintiff's firing, BOA hired a new employee for Plaintiff's position who is younger than Plaintiff. (*Id.* ¶ 12.) Thereafter, Plaintiff filed the instant action.

### III.     LEGAL ANALYSIS

Fed. R. Civ. P. 15(a) allows a party to amend its pleading by leave of court when justice so requires. Leave to amend pleadings is to be freely given. FED. R. CIV. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182. Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Id.* "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1332 (3d Cir.2002) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J.1990), (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face," (citations and quotations omitted)). As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman,* 90 F.3d at 623) (further citation omitted)). The Court therefore must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." *Brown v. Phillip Morris, Inc.,* 250 F.3d 789, 796 (3d Cir.2001).

When a plaintiff asserts claims, they must provide sufficient notice to defendants of the factual allegations that entitle them to relief as articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*. Tthe Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citations omitted). The Third Circuit has emphasized that the Court reaffirmed that Rule 8 still only requires a short and plain statement of claims and their factual underpinnings. *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008). However, there is now a "plausibility paradigm" for evaluating the sufficiency of complaints. *Id.* at 230. "[F]actual allegations in the complaint must not be "so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Umland v. PLANCO Financial Services, Inc.,* 542 F.3d 59, 64 (3d Cir.2008) (quoting *Phillips,* 515 F.3d at 233). Left intact and still in harmony with *Twombly* is the notion that courts will read complaints to determine if "under any reasonable reading ... the plaintiff may be entitled to relief." *Pinker v. Roche Holdings, Ltd.* 292 F.3d 361, 374 n. 7 (3d Cir.2002).

Here, Defendants are opposing Plaintiffs' Motion to Amend Counts IV through X of the Complaint on the basis of futility of the proposed amendments. Defendants do not oppose Plaintiff's proposed amendments to Counts I through III of the Complaint or the Allegations

Common to All Claims and therefore with regard to those, Plaintiff' Motion to Amend is GRANTED. The Court will address the remaining counts in turn.

### A. Count IV: Malicious Interference with Prospective Economic Advantage & Count V: Intentional Interference with Prospective Economic Advantage

Defendants argue that Plaintiff's Motion to Amend Counts IV and V should be denied as futile because these counts are redundant and fail to state a cognizable claim for tortious interference with prospective economic advantage. (Defs.' Opp'n 2.) Defendants further argue that as held by the New Jersey Supreme Court in *Printing Mart-Morristown v. Sharp Electronics Corp.*, 116 N.J. 739, 751 (1989), a complaint asserting a tortious interference claim must allege facts demonstrating that the plaintiff had a protectable economic or contractual right, a reasonable expectation of economic advantage, and a business pursuit that the defendant deprived the plaintiff of as a result of the alleged interference. (*Id.*) Defendants argue that Plaintiff's proposed Amended Complaint contains no factual allegations establishing that Valentine had a protectable economic or contractual relationship, that she had a reasonable expectation of economic advantage, or that she had a business pursuit that Defendants supposedly interfered with or caused her to lose. (*Id.* at 3.)

Plaintiff argues that her Complaint, when read altogether, sets forth the facts which "form the basis of Defendants' actions and address different levels of culpability, where their false pretenses for terminating Plaintiff have created a situation where Plaintiff cannot reasonably expect to obtain employment in the banking industry after her extensive career because of the story they are sticking to." (Pl.'s Reply 3.) Plaintiff further argues that "pursuant to *Sharp Electronics*, Plaintiff's protected interest is the ability to obtain new employment using her

professional background, which cannot be done at the present because Plaintiff now cannot obtain a sufficient reference and would need to explain to any prospective employer that she was wrongfully terminated and is involved in a factual and legal dispute with her former employer over same." (*Id.*)

The leading New Jersey case regarding tortious interference with prospective economic advantage is *Printing Mart-Morristown v. Sharp Electronics Corp.*, 563 A.2d 31 (N.J. 1989).  In that case, the New Jersey Supreme Court identified the requirements for a complaint alleging tortious interference with prospective economic advantage claim.  Specifically, the Court held that the complaint must: (1) allege facts that show some protectable right-a prospective economic or contractual relationship; (2) allege facts claiming that the interference was done intentionally and with "malice;" (3) allege facts leading to the conclusion that the interference caused the loss of the prospective gain; and (4) must allege that the injury caused damage.  *Printing Mart-Morristown*, 563 A.2d at 37.

As currently pled, Counts IV and V of Plaintiff's Proposed First Amended Complaint do not meet any of the requirements for alleging tortious interference with prospective economic advantage.  First, Plaintiff has not alleged facts that she was in "pursuit" of business, which is a requirement for the first prong.  *Id.*  Second, Plaintiff has not alleged facts that the interference was inflicted intentionally and without justification or excuse, which is the definition of malice. *Id.* (citing *Rainier's Dairies v. Raritan Valley Farms, Inc.,* 117 A.2d 889 (N.J. 1955)). Third, Plaintiff has not shown that "if there had been no interference[,] there was a reasonable probability that the victim of the interference would have received the anticipated economic benefits." *Id.* (citing *Leslie Blau Co. v. Alfieri,* 384 A.2d 859 (App.Div. 1978), certif. denied sub

nom. *Leslie Blau Co. v. Reitman,* 77 *N.J.* 510, 391 *A*.2d 523 (N.J. 1978)). Fourth, Plaintiff has not alleged facts that the injury to Plaintiff's reputation has caused damage. *Id.* (citing *Norwood Easthill Assocs. v. Norwood Easthill Watch*, 536 A.2d 1317 (App.Div.1988)).

Instead, Plaintiff has only provided conclusory statements that Defendants have made false statements to third parties in the banking industry concerning Plaintiff's employment and the reason for her termination. A "speculative claim of lost business, if unsupported by facts showing an existing or reasonably prospective economic or contractual relationship does not suffice." *Novartis v. Bausch & Lomb, Inc.,* No. 07-5945, 2008 WL 4911868, at *8 (D.N.J. November 13, 2008) (citing *Lucas Indus. Inc. v. Kendiesel, Inc.,* 93-4480, 1995 WL 350050, *8-9 (D.N.J. June 9, 1995)). At a minimum, Plaintiff must "at least allege specific prospective contracts that were interfered with." *Id.* Plaintiff has not alleged any facts that would meet these requirements. Therefore, Plaintiff's Motion for Leave to Amend Counts IV and V of her Complaint is hereby DENIED.

### B. Count VI: Defamation

Defendants argue that Plaintiff's Motion to Amend Count VI should be denied as futile because to survive a motion to dismiss a defamation claim, a plaintiff must set forth with particularity, exactly what defamatory words were uttered, the source of the defamatory statements, and the fact of their publication. *Gibbs v. Massey*, 2009 WL 838138 at *12 (D.N.J. March 26, 2009). (Defs.' Opp'n 3.) Defendants argue that in this case, Plaintiff does not identify the alleged defamer; the circumstances of the publication; the exact words allegedly communicated; or the recipient of the alleged defamatory statement. (*Id.*)

Plaintiff argues that she is stating the facts as presently known, which plausibly provide a reasonable inference for the Court that the Defendants have committed defamation *per se*. Plaintiff further argues that "the fact that a former customer relayed such statements to Plaintiff as set forth at ¶ 50 of the Proposed Amended Complaint provides a reasonable inference to the Court that the source of the statement was from Defendants." (Pl.'s Reply 3.) Plaintiff further argues that "even if this act does not constitute defamation *per se* as a statement of occupational incompetence or misconduct as recognized by *MacKay v. CSK Publishing Co.*, 300 N.J. Super. 599, 616-617 (App. Div. 1997), such statement is still defamation according to the common law as a false damaging statement. *See Feggans v. Billington*, 291 N.J. Super. 382, 391 (App. Div. 1996)." (*Id.*)

In the case of a complaint charging defamation, the plaintiff must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication; a vague conclusory allegation is not enough. *F.D.I.C. v. Bathgate,* 27 F.3d 850, 875 (3d Cir.1994) (citing *Zoneraich v. Overlook Hosp.,* 212 N.J.Super. 83, 101, 514 A.2d 53 (App.Div.), *certif. denied,* 107 N.J. 32, 526 A.2d 126 (1986)).  As currently pled, Count VI of Plaintiff's Proposed First Amended Complaint does not meet any of the requirements for defamation.  Plaintiff only provides conclusory statements regarding the alleged defamation, failing to identify the defamatory words, the utterer or the fact of their publication with any degree of specificity.  Therefore, permitting amendment would be futile.  Plaintiff's Motion for Leave to Amend Count VI is DENIED.

### C.  Count VII: Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendants argue that Plaintiff's Motion to Amend Count VII should be denied as futile because Plaintiff was an "at will" employee with the Bank. (Defs.' Opp'n 4.) Defendants further argue that Plaintiff does not allege that she had a contract with the Bank and the implied covenant attaches only to a contract. *See Fregara v. Jet Aviation Business Jets*, 764 F. Supp. 940, 954 (D.N.J. 1991.) (*Id.*)

Plaintiff argues that even in the absence of an express contract, conditions and policies set forth in an employment handbook create binding duties for an employer. *See Wade v. Kessler Institute*, 343 N.J. Super. 338, 348 (App. Div. 2001.) (Pl.'s Reply 3.) Failure to abide by those duties would then create liability for breach of the duty of good faith and fair dealing. *Id.*

Termination clauses in a company's policy manual, including the procedure required before termination occurs, can be found to be contractually enforceable. *Woolley v. Hoffmann-La Roche, Inc.*, 491 A.2d 1257, 1264 (N.J. 1985), *modified on other grounds,* 101 N.J. 10, 499 A.2d 515 (N.J. 1985).  An implied contract between an employer and employee based on an employment manual which alters an employee's at-will status is referred to as a "*Woolley* contract." *Wade v. Kessler Institute*, 798 A.2d 1251, 1259 (N.J. 2002).  Several courts have held that a *Woolley* contract contains an implied covenant of good faith and fair dealing like any other employment agreement. *Id.*

As currently pled, Count VII of Plaintiff's Proposed First Amended Complaint gives sufficient notice to defendants of the factual allegations that entitle her to relief.  Plaintiff alleges that Defendants owed her a duty of good faith and fair dealing pursuant to the application of the policies concerning her employment.  Though Defendants are correct that "an implied contract

must be found before the jury could find that the implied covenant of good faith and fair dealing had been breached," *Wade*, 798 A.2d at 1262 citing *Wade,* 343 *N.J.Super.* at 351, 778 *A*.2d 580; *see also Noye, supra,* 238 N.J.Super. at 434, 570 A.2d 12 ("In the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing."), Plaintiff's allegations as contained in the Proposed Amended Complaint could arguably give rise to a *Woolley* contract. Given the liberal standard with which complaints are to be evaluated at the pleading stage, the Court finds that Plaintiff's amendment of Count VII would not be futile. Therefore, Plaintiff's Motion to for Leave to Amend Count VII of her Complaint is GRANTED.

### D.  Count VIII: Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff's Motion to Amend Count VIII should be denied as futile because Plaintiff's intentional infliction of emotional distress claim is based on the same set of facts as her age discrimination claims under the ADEA and LAD and therefore the LAD claims preempt her common law claim. (Defs.' Opp'n 4.)

Plaintiff argues that the elements and proofs for her common law cause of action vary from that set forth by the LAD. (Pl.'s Reply 4.) Specifically, Plaintiff argues that the LAD focuses on discrimination while intentional infliction of emotional distress focuses on the emotional aftermath of intentional actions by a party. (*Id.*) Plaintiff further argues that she has incurred significant emotional damages that have slowed the pace of investigation of underlying facts. *See Taylor v. Metzger*, 152 N.J. 490 (1998). (*Id.*)

When a common law claim of intentional infliction of emotional distress is based on the same allegations supporting Plaintiff's LAD claim, Plaintiff is not entitled to relief because "supplementary common law causes of action may not go to the jury when a statutory remedy

under the LAD exists." *Quarles v. Lowe's Home Centers, Inc.*, No. 04-5746, 2006 WL 1098050, at *4 (D.N.J. March 31, 2006) (citing *Catalane v. Gilian Instrument Corp.,* 271 N.J.Super. 476, 492, 638 A.2d 1341 (App.Div.1994)); *See also Metzler v. American Transp. Group, L.L.C.*, No. 07-2066, 2008 WL 413311 (D.N.J. February 13, 2008). As currently pled, Count VIII of Plaintiff's Proposed First Amended Complaint, common law intentional infliction of emotional distress, is based on the same facts as her claims under the LAD. Therefore, her LAD claims preempt her common law claim and permitting amendment would be futile. As such, Plaintiff's Motion for Leave to Amend Count VIII is DENIED.

### E.  Count IX: Vicarious Liability/Employer Liability for Employee Act

Defendants argue that Plaintiff's Motion to Amend Count IX should be denied as futile because it fails to state a claim as a matter of law because vicarious liability is not a separate cause of action; rather it is a theory of liability used to hold an employer liable for its employee's actions. (Defs.' Opp'n 4 (citing *Lehman v. Toys 'R' Us, Inc.*, 132 N.J. 587, 460 (1993)).

Plaintiff argues that she is not barred from including a count of vicarious liability setting forth a theory of vicarious liability, as the count serves as a catch all to hold Bank of America vicariously liable for any common law violations on the part of its employees with respect to Counts IV through X. (Pl.'s Reply 4 (citing *Lehman v. Toys 'R' Us, Inc.,* 132 N.J. 587, 616-617, 619, 625 (1993)).

The *respondeat superior* doctrine "recognizes a vicarious liability principle pursuant to which a master will be held liable in certain cases for the wrongful acts of his servants or employees." *Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003). When utilizing the theory of *respondeat superior*, a plaintiff will allege in the complaint that an employer committed an act

against them, even if the act was actually committed by the employee; the employer is only liable for said act under the *respondeat superior* theory. *See Allia v. Target Corp.,* No. 07-4130, 2008 U.S. Dist. LEXIS 29591, at *18 (D.N.J. Apr. 10, 2008) (citing *Calkins v. Dollarland*, Inc., 117 F. Supp. 2d 421, 434 (D.N.J. 2000)); *see also Gibbs v. Massey*, No. 07-3604**,** 2009 WL 838138 at *13 (D.N.J. March 26, 2009). In this case, Plaintiff has alleged that Bank of America employees have committed various acts against her. By bringing each of those claims against both the employees and Bank of America, Plaintiff has already asserted the claims against Bank of America based on "employer liability." Plaintiff does not need to plead "employer liability" as a separate cause of action because she has already availed herself of this doctrine. As a result, a separate cause of action for vicarious liability/employer liability is redundant. *Id.*

As currently pled, Count IX of Plaintiff's Proposed First Amended Complaint is redundant and permitting amendment would be futile. Therefore, Plaintiff's Motion for Leave to Amend Count IX is DENIED.

**F. Count X: Wrongful Discharge**

Defendants argue that Plaintiff's Motion to Amend Count X should be denied as futile because Plaintiff's wrongful discharge claim is based on the same set of facts as her LAD claim and therefore the LAD claim preempts her common law claim. *See Catalone*, 271 N.J. Super. at 492 (App. Div. at 1994.) (Defs.' Opp'n 4.) Defendants further argue that New Jersey is an "at-will" state and Plaintiff has not alleged that there was a contract or implied contract. (*Id.*)

Plaintiff argues that Count X encompasses the legal theory of exceptions to the New Jersey "at-will" employment doctrine, such as with respect to unwritten employment practices

concerning termination.  (Pl.'s Reply at 4 (citing *Gilbert v. Durand Glass Mfg. Co., Inc*., 258 N.J. Super. 320 (App. Div. 1992)).  Plaintiff further argues that "this Count may be understood to encompass violations of a clear mandate of public policy which in this case concerns Defendants' actions that constitute age discrimination in employment.  *See Smithers v. Bailar*, 629 F.3d 892 (3d Cir. 1980)."  (*Id.*)

As with Plaintiff's claim for Intentional Infliction of Emotional Distress, Plaintiff's claim for wrongful termination is also precluded by the LAD.  *See Caldwell v. KFC Corp.,* 958 F.Supp. 962 D.N.J.,1997 (*citing Erickson v. Marsh & McLennan Co.,* 117 N.J. 539, 569 A.2d 793 (1990) (the Supreme Court of New Jersey considered the N.J.L.A.D. to so preclude a common-law wrongful-termination claim)); *see also Butler v. Sherman, Silverstein & Kohl,* 755 F.Supp. 1259, 1265 (D.N.J.1990) (interpreting *Erickson* to preclude a common-law wrongful-termination claim where the N.J.L.A.D. provides a remedy for the wrong).

As currently pled, Count X of Plaintiff's Proposed First Amended Complaint is preempted by the LAD and permitting amendment would be futile.  Therefore, Plaintiff's Motion for Leave to Amend Count X of her Complaint is hereby DENIED.

**IV . CONCLUSION**

For the reasons set forth above, the Court Plaintiff's Motion to for Leave to Amend the Complaint is granted in part and denied in part.   The Court will issue an appropriate Order.


    s/ Esther Salas
    **ESTHER SALAS**
    **UNITED STATES MAGISTRATE JUDGE**